```
            UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


ROBERT BROWN,                     :
                                  :
       Petitioner                 : No. 4:CV-06-0262
                                  :
   vs.                            : (Petition Filed 2/03/06)
                                  :
WARDEN K. HOGSTEN,                : (Judge Muir)
                                  :
       Respondent                 :
```

**<u>ORDER</u>**

July 19, 2006

Petitioner, Robert Brown, an inmate formerly incarcerated at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania[1] ("FCI-Allenwood"), filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with the petition, Brown filed an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. Named as the sole respondent is Karen Hogsten, Warden of FCI-Allenwood. In his petition Brown states that he is being "deprived of [his] liberty of interest due to the fact that [he is] confined in prison for the duration of

---

[1] Petitioner is presently incarcerated at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSC-Allenwood").

[his] sentence and not CCC [Community Corrections Center]" in accordance with Woodall vs. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). (Doc. No. 1, petition at p. 2). For relief, Brown requests "to be moved to a community correctional center/home confinement placement for the remainder of [his] sentence." (Doc. No. 1 at p. 3). A response and traverse having been filed, the petition is ripe for disposition. For the reasons that follow, the petition will be denied.

**Background**

On March 30, 2000, Brown was sentenced in the United States District Court for the Southern District of New York to a 240 month term of imprisonment, a three year term of supervision, and a felony assessment of $100.00, for conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5). (Doc. No. 7, Ex. 1, Declaration of Hattie Smith, Unit Manager at FCI-Allenwood, at ¶ 4). He is currently scheduled to be released from custody on July 13, 2016, via Good Conduct Time release. Id. The Bureau of Prisons ("BOP") has assigned Brown a Prerelease Preparation Date of January 13, 2016. Id. At the time he filed the instant petition, the BOP had not considered Brown eligible for placement in a CCC.

2

In his petition, Brown argues that he is eligible for immediate transfer to a CCC on the basis that "18 U.S.C. § 3621(b) does not constrain the Bureau of Prisons from considering inmates to be in the community correctional center program for the duration of [their] sentence." (Doc. No. 1, p. 2).

**Discussion**

Under the provisions of 18 U.S.C. § 3621(b), the BOP is charged with the responsibility to designate the place of imprisonment of each prisoner committed to its custody, taking into account, <u>inter</u> <u>alia</u>, the history and characteristics of the prisoner. 18 U.S.C. § 3621(b). Pursuant to this authority, the BOP has promulgated Program Statement 5100.07 ("PS 5100.07"), "Security Designation and Custody Classification Manual," to establish a manual "of policy and instructions for designating and redesignating inmates." (Doc. 7, Ex. 1, Attachment 2) "The intent of the Security Designation and Custody Classification system is to provide staff an opportunity to use professional judgment within specific guidelines." (<u>Id</u>. at 4.) The Constitution does not confer inmates a liberty interest in retaining or receiving any particular security or

3

custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed . . .and is not otherwise violative of the Constitution." Hewitt vs. Helms, 459 U.S. 460, 468 (1983).

Similarly, it is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison or facility. Olim vs. Wakinekona, 461 U.S. 238 (1983). With respect to federal prisoners, the BOP has the power, pursuant to 18 U.S.C. § 3621(b),"to designate the place of confinement for purposes of serving" sentences of imprisonment. Barden vs. Keohane, 921 F.2d 476 (3d Cir. 1991).

To the extent that federal law provides that prisoners may serve the last portion of their imprisonment under conditions that will facilitate their transition from prison life to the community by placing them in community confinement, the controlling statute for placement of an inmate in pre-release custody near the end of sentence is 18 U.S.C. § 3624(c), which in pertinent part provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable

4

opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided in this subsection may be used to place a prisoner in home confinement.

Under this provision, Brown could be considered for placement in a CCC for the last six months of his sentence. However, a transfer to a CCC at this time would be premature, as Brown has a projected release date of July 13, 2016, via good conduct time release and a Unit Team will not prepare a release plan and make a determination as to the amount, if any, of CCC placement, until 11 to 13 months prior to Brown's release date.[2] (Doc. No. 7, Ex. 1 at ¶ 11). At that time, if Brown is confined in an institution in the Third Circuit, the Unit Team's CCC placement decision will be governed by Woodall vs. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005). Id. ¶ 12.

In Woodall, the Third Circuit Court of Appeals found that the BOP's regulations regarding placement in a halfway house or CCC, specifically, 28 C.F.R. §§ 570.20 and 570.21 were invalid

---

[2]Pursuant to Section 8 of the BOP's policy statement regarding CCC placement, see BOP Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures, in order to facilitate CCC placement, a final and specific release preparation plan–including a decision as to CCC referral– is normally established at a Unit Team meeting no later than 11 to 13 months before an inmate's projected release date. (See Doc. No. 7, Ex. 1, Attachment 2, p. 20).

because they did not take into account all of the necessary factors set forth in 18 U.S.C. § 3621 which Congress required the BOP to consider in promulgating those regulations. As a result, BOP staff are now required to fully consider the following factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (A)concerning the purposes for which the sentence to imprisonment was determined to be warranted or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to § 994(a)(2) of Title 28. Id. at ¶ 13; 18 U.S.C. § 3621(b).

Moreover, at that time, staff will consider other appropriate factors routinely used in these decisions, such as correctional and population management interests (length of sentence, seriousness of current offense, criminal history, institution conduct, programming needs of the inmate, availability of facilities, public safety, threat to the community, community ties, release residence, employment and

education history, and economic resources). Id. at ¶ 14.

However, at this point in time, Brown is not entitled to placement in any particular facility, and his petition for writ of habeas corpus will be denied.

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. No. 1) is **DENIED**.

2. Petitioner's motion for summary judgment (Doc. No. 6) is **DENIED.**

3. The Clerk of Court is directed to **CLOSE** this case.

        s/Malcolm Muir
        MUIR
        United States District Judge